# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH STEVEN DAYWITT and KENNETH GERNARD PARKS, | Case No. 17-CV-5574 (NEB/TNL) |
| Plaintiffs, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED |
| MINNESOTA DEPARTMENT OF HUMAN SERVICES, MINNESOTA SEX OFFENDER PROGRAM, SARA KULAS, JUSTIN JOSLIN, TARA OSBORNE LEIVIAN, NICOLE VAINEO, and 1E CLINICAL TEAM, in their individual and official capacities, | |
| Defendants. | |

Plaintiffs, who are civilly committed to the Minnesota Sex Offender Program, have brought various claims because Defendants denied their request to be roommates at the program based on safety concerns. In a Report and Recommendation dated December 14, 2018 [ECF No. 32 ("R&R")], United States Magistrate Judge Tony N. Leung recommended that Defendants' motion be granted in part and denied in part. Both parties filed objections to the R&R and replies to the objections. [ECF Nos. 36 ("Pl.'s Obj."), 38 ("Def. Reply"), 34 ("Def. Obj."), 39 ("Pl. Reply").] For the reasons set forth below, the Court now overrules Plaintiffs' objection, accepts Defendants' objection and adopts the R&R, as modified, consistent with this order.

1

## BACKGROUND

The facts are clearly set forth in the R&R and are incorporated by reference for purposes of the Plaintiffs' and Defendants' objections. In short, Plaintiffs Daywitt and Parks are civilly committed to the Minnesota Sex Offender Program ("MSOP"). [ECF No. 1 ("Compl.") ¶¶ 5-6, 22.] Plaintiffs were previously, but are no longer, involved in a romantic relationship.[1] (Compl. ¶ 24.) Plaintiffs would like to and have requested to become roommates, but Defendants denied the request. (Compl. ¶¶ 29, 27-2.)[2] Plaintiffs filed this action seeking monetary and injunctive relief, alleging that Defendants' decision to deny Plaintiffs' request to be roommates violates their civil rights. Specifically, Plaintiffs allege that Defendants' denial of their roommate request violated (1) the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01, *et seq.* and (2) the Equal Protection Clause of the United States Constitution, U.S. Const. amend. XIV, § 1, and the equivalent protections under the Minnesota Constitution, Minn. Const. art. I, § 2. (*See gen.* Compl.) Plaintiffs also seek injunctive and declaratory relief pursuant to 42 U.S.C. § 2000a-3. (*Id.*)

---

[1] The facts of this case are largely undisputed. However, in their reply to Defendants' objection, Plaintiffs assert that they have not been in a relationship for seven years, not "four (4) plus years ago" as stated in the Complaint. (*See* Compl. ¶ 24.) For the purposes of this Motion to Dismiss, the Court must consider the allegations as stated in the Complaint while acknowledging that the Complaint was filed in 2017, which would account for the difference in timing.

[2] The Court notes that there appears to be a numbering error in the Plaintiffs' Complaint whereby paragraphs 27-30 appear twice. For clarity, the Court will refer to these paragraphs as 27-1 and 27-2, etc.

Plaintiffs previously brought a similar action, which was ultimately dismissed. *See Daywitt v. Minnesota Dep't of Human Services*, No. 16-cv-648, 2017 WL 8947245, at *1 (D. Minn. Jan. 27, 2017), *report and recommendation adopted as modified by* 2017 WL 1406374 (D. Minn. Apr. 20, 2017). In the prior case, the Court dismissed Plaintiffs' Civil Rights Act claims and declaratory judgment claim with prejudice and dismissed Plaintiffs' equal protection claim under 42 U.S.C. § 1983 without prejudice. (*See id*.) The Court declined to exercise jurisdiction over Plaintiffs' state law MHRA claim and dismissed that claim without prejudice. (*See id*.)

## ANALYSIS

### I. Standard of Review

Once a magistrate judge's report and recommendation is filed, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b). If a party objects to a magistrate judge's report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id*. If no party has objected to the R&R the Court reviews it for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). The Court has conducted a *de novo* review of the record for those specific portions of the R&R to which objection has

been made, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and Local Rule 72.2(b). The Court reviews the sections of the R&R to which no objection has been made for clear error.

II. **The Parties' Objections**

Plaintiffs accept the majority of Judge Leung's R&R recommending dismissal of their claims, but make the following objections: (1) Plaintiffs contend Judge Leung erred in failing to sanction the Defendants (by dismissing their motion) for a failure to meet and confer prior to the motion; and (2) Plaintiffs contend the R&R addresses a claim brought pursuant to the Civil Rights Act of 1964, which Plaintiffs argue they did not raise in their complaint. Plaintiffs state that they "would not disagree with the remainder of the R&R's conclusions given the case law cited for reasoning of dismissal." (*See* Pl.'s Obj. at 2–3.)

For their part, Defendants request that the Court adopt the R&R in its entirety, with the exception of Judge Leung's recommendation to deny Defendants' motion to dismiss Plaintiffs' Section 1983 Equal Protection Claim against the individual Defendants in their official capacity. (Def. Obj. at 1 n.1.)

As an initial matter, having reviewed the R&R for clear error with respect to the sections to which no objection has been made, the Court finds no clear error as to the Judge Leung's recommendation that the Eleventh Amendment bars Plaintiffs' state and federal claims against MSOP and the Minnesota Department of Human Services,

Plaintiffs' MHRA claim against the individual Defendants in their official capacity, Plaintiffs' MHRA claim for monetary relief against the individual Defendants in their individual capacities, Plaintiffs' federal law claims against the individual Defendants in their official capacity for monetary relief, and Plaintiffs' federal law claims against the individual Defendants in their individual capacity for injunctive and declaratory relief. (*See* R&R at 24.)

The Court also finds no clear error in the R&R's recommendation that the doctrine of qualified immunity bars Plaintiffs' claim under Section 1983 for monetary relief against the individual Defendants acting in their individual capacity, and Plaintiffs' Section 1983 claim, to the extent it alleges a violation of the Equal Protection Clause of the Minnesota Constitution, also fails because Section 1983 does not provide a cause of action for violations of the Minnesota Constitution. (*See id.*)

Finally, to the extent that Plaintiffs assert a claim for injunctive and declaratory relief under Title II of the Civil Rights Act of 1964, the Court finds no clear error in the R&R's recommendation to dismiss that claim.[3] The Court below addresses each of the objections made.

---

[3] The Court notes that Plaintiffs deny having brought such a claim. (*See* Pl.'s Obj. at 3.) Further, in the prior litigation, the Court dismissed Plaintiffs' Civil Rights Act claims and declaratory judgment claim with prejudice. (*See* Case No. 16-CV-648 (WMW/FLN)).

5

### III. Local Rule 7.1's Meet and Confer Requirement

Plaintiffs object to the R&R, arguing that the Defendants' failure to meet and confer, required by Local Rule 7.1, warrants denial of Defendants' motion to dismiss, and thus, that Judge Leung should not have considered Defendants' motion. Local Rule 7.1(a) states that "[b]efore filing a motion . . . the moving party must, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion." Defendants assert that a meet and confer that occurred on October 20, 2016 in conjunction with the prior litigation satisfied LR 7.1(a) for their current motion to dismiss. Judge Leung's R&R addressed this issue in a footnote, admonishing Defendants. (R&R at 4 n. 1.)

Defendants argue that Judge Leung's determination to consider their motion to dismiss was within the court's discretion. This Court agrees. Plaintiffs cite no caselaw standing for the proposition that a failure to meet and confer automatically results in the denial of a party's motion. On the contrary, this district has previously declined to dismiss a movant's motion for such a failure. *See, e.g.*, *Dutch Lake Holdings, LLC v. Sunnybrook Homeowners Assn, Inc.*, No. 13-cv-538 (JNE), 2013 WL 3338783, at *2 n.1 (D. Minn. July 2, 2013) (unpublished) (declining to dismiss movant's motion for failure to comply with Local Rule 7.1(a)'s meet-and-confer requirement); *First Fin. Sec., Inc. v. Lee*, No. 14-cv-1843 (PJS/SER), 2016 WL 881003, at *7 n.10 (D. Minn. Mar. 8, 2016) (unpublished) (finding that the magistrate judge acted within his discretion in excusing

movant's failure to meet and confer and ruling on the merits of the motion). Because it was within Judge Leung's discretion to consider the motion to dismiss, Plaintiffs' objection on this basis is overruled.

### IV. Plaintiffs' Federal Equal Protection Claim

After review for clear error, the only remaining claim is Plaintiffs' Section 1983 claim for injunctive relief against the individual Defendants in their official capacity, based on a violation of the federal equal protection clause.[4] (*See* R&R at 25; see *also* Compl. ¶¶ 56-62, alleging Plaintiffs "have been subjected to unequal protection based on the facts and allegations set forth above.")

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. The "purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

---

[4] As stated above, Plaintiffs also bring a claim under the Minnesota Constitution's counterpart to the Fourteenth Amendment's Equal Protection Clause. Judge Leung correctly recommends that Plaintiffs' Section 1983 claim, insofar as it alleges a violation of the Minnesota Constitution, be dismissed with prejudice because Section 1983 does not provide a cause of action for violations of the Minnesota Constitution. *See generally* 42 U.S.C. § 1983; *see also Daywitt*, 2017 WL 8947245 at *4.

The Equal Protection Clause of the Fourteenth Amendment prohibits States from denying "to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause keeps governmental decisionmakers from treating disparately persons who are in all relevant respects similarly situated." *Bills v. Dahm*, 32 F.3d 333, 335 (8th Cir. 1994). Plaintiffs must therefore "demonstrate that they were treated differently from others similarly situated to them." *Arnold v. City of Columbia, Mo.*, 197 F.3d 1217, 1220 (8th Cir. 1999) (citing to *Keevan v. Smith*, 100 F.3d 644, 647–48 (8th Cir. 1996)); *see also Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994).

The factual allegations underpinning the equal protection claim appear to be as follows:

- "It is alleged that the Defendants unlawfully discriminated against Plaintiffs under the Civil Rights Act and MHRA when they refused Plaintiffs to be able to move together based on past history of Plaintiffs, and treated the Plaintiffs differently than other compared to them who are similarly situated, all because of Plaintiffs' sexual orientation, and past history together. (Compl. ¶ 2.)

- "Plaintiff believes that there may have been others who suffered from similar situations as the facts alleged with in this complaint." (Compl. ¶ 17.)

- "Plaintiffs believe that there are others who the Defendants play favorites with or are afraid of the actions that others may display and therefore grant others the privilege to be roommates with whom those people choose." (Compl. ¶ 18.)

- Plaintiffs were having numerous problems with their roommates and thought it would be better to become roommates to curb any issues that may arise out of current roommate situations. (Compl. ¶ 27-1.)

- Plaintiffs have seen other patients within the MSOP and specifically the unit they reside on who have more security concerns than that of Plaintiffs be afforded the opportunity to become roommates, even after they have been caught doing things such as tattooing, extorting, brewing hooch, running a store etc. and yet they have been allowed to become roommates. (Compl. ¶ 35.)

- Based on the above factual information and belief, Defendants maintain a custom and practice of discrimination against Plaintiffs based on their past sexual encounters and sexual preference. (Compl. ¶ 45.)

- As a result of Defendants discriminatory actions, Plaintiffs were denied being roommates for alleged "safety concerns." (Compl. ¶ 46.)

- Defendants denied equal opportunities to Plaintiffs afforded to other clients, treated them differently and humiliated and embarrassed Plaintiffs, treated Plaintiffs inappropriately as compared to those who do other rule breaking behaviors together and are still roommates. (Compl. ¶ 70.)

The R&R first analyzes Plaintiffs' equal protection claim as a claim "that Defendants denied Plaintiffs the opportunity to be roommates on the basis of their sexual orientation." (R&R at 10.) The R&R then correctly states that Plaintiffs' allegation in this regard is "conclusory and nothing more than a 'naked assertion' that is insufficient to give rise to a plausible claim for relief." (R&R at 10 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "As pleaded, Plaintiffs only show that Defendants had particular safety and treatment concerns related to Plaintiffs' previous relationship." (R&R at 11.) The Court agrees with the R&R's conclusion that the Complaint has failed to plead a facially

9

plausible equal protection claim with respect to a suspect classification – that is, sexual orientation.

The next question, then, is whether Plaintiffs have alleged an equal protection claim based on different treatment from others similarly situated to them *in all relevant respects*. *Bills*, 32 F.3d at 335. The R&R does not address this question. The Defendants object, arguing that "the R&R errs as a threshold matter in concluding that (or failing to consider whether) Plaintiffs plausibly alleged they were treated differently than others similarly situated in all relevant respects." (Def. Obj., at 5.) With respect to whether Plaintiffs were treated differently from others similarly situated to them, the R&R states that "Plaintiffs contend that they have been treated different than other persons who are civilly committed to MSOP" because MSOP allegedly "allow[s] other patients to choose their roommates, while denying Plaintiffs' requests to live together." (R&R at 10.) The R&R did not analyze whether Plaintiffs sufficiently pled that they were treated differently from others similarly situated to them. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

While Plaintiffs allege that other patients with security concerns have been allowed to become roommates, they do not allege that other MSOP patients who posed

the same safety and therapeutic concerns were allowed to become roommates.[5] Here, the Complaint does not plausibly allege that Plaintiffs were treated differently than others similarly situated in all relevant respects. Thus, due to their failure to meet this threshold requirement, the Court finds that Plaintiffs have not pled a plausible equal protection claim.

Moreover, the claim fails on other grounds as well. Even if a plaintiff plausibly pleads different treatment than others similarly situated, he must also plead that the different treatment "is based upon either a suspect classification or a 'fundamental right.'" *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815–16 (8th Cir. 2008) (citation omitted). The R&R concludes that Plaintiffs have plausibly pled that their relationship as friends who wish to be roommates is a fundamental right to free association entitled to constitutional protection. (R&R at 17.) The Court disagrees. First, such a claim has not been pled. Second, it does not appear that any federal court has recognized a right of confined or committed individuals to choose their roommate. Though some courts have recognized similar relationships in other contexts as warranting constitutional protection, none is in the context of commitment or confinement. *See, e.g., Village of Belle v. Boraas*, 416 U.S. 1, 7–10 (1974) (holding that a zoning ordinance that limits the number of unrelated

---

[5] Plaintiffs' prior lawsuit based on these facts alleged that two other patients at MSOP were allowed to be roommates despite a prior same-sex sexual relationship. (*See* Case No. 16-CV-00648 (WMW/FLN), First Amended Complaint at ¶ 38 ("at least two other clients that Plaintiffs know of to be roommates [were] in a relationship at that time and had been sexual.")). Such an allegation has not been pled in this action.

11

persons who can live together to two individuals does not violate the First Amendment); *Fair Housing Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1221 (9th Cir. 2012) (determining that the roommate relationship qualifies as a right to intimate association in the Fair Housing Act context); *Christensen v. County of Boone*, 483 F.3d 454, 463–465 (7th Cir. 2007) (finding a form of "intimate association" between an unmarried couple in a long-term relationship is protected by the Fourteenth Amendment); *Rode v. Dellarciprete*, 845 F.2d 1195, 1205 (3d Cir. 1988) (holding that relationships individuals select to have with one another are entitled to constitutional protection); *Palo Alto Tenants Union v. Morgan*, 321 F.Supp. 908, 911–12 (N.D. Cal. 1970) (upholding single-family residential zoning laws and concluding that unrelated living groups did not receive same protection under the First Amendment).

"Freedom of association is among the rights least compatible with incarceration" and "[s]ome curtailment of that freedom must be expected in the prison context." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). The Eighth Circuit has held that while "an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). Thus, courts have analyzed constitutional claims brought by involuntarily committed patients by analogizing to claims brought in the prison setting. *See, e.g., Beaulieu v. Ludeman*, 690 F.3d 1017, 1039 (8th Cir. 2012). And in the prison context, courts have held, under differing legal theories, that

12

there is no right to a roommate of one's choice. *See, e.g.*, *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (inmates have no right to be housed with certain inmates under the Due Process Clause); *Murray v. Bledsoe*, 650 F.3d 246 (3rd Cir. 2011) (per curiam) (no Ninth Amendment right to choose a cellmate); *McKnight v. MTC*, 2015 WL 7730995, at *3 (N.D. Texas Nov. 9, 2015), *report and recommendation adopted by* 2015 WL 7735910 (N.D. Texas Nov. 30, 2015) ("It is well-settled that prisoners do not have a constitutional right to choose their place of confinement, security classification, housing assignment, and cellmate."). The Court recognizes that civil commitment is a different context than prison confinement, but the Court is hard pressed to find that the law supports a fundamental right to a roommate choice in the civil commitment context.

Thus, because Plaintiffs have not pled that they are similarly situated with others treated differently, because they have not pled a freedom of association claim, and because they do not have a fundamental right to choose a roommate in this context, the Court concludes that the Plaintiffs' equal protection claim must fail, and respectfully modifies the R&R accordingly.

## CONCLUSION

Based on the foregoing, and on all the files, records and proceedings herein, the Court OVERRULES the objections [ECF Nos. 34, 36], and ACCEPTS the R&R AS MODIFIED [ECF No. 32]. IT IS HEREBY ORDERED THAT:

1. The R&R [ECF No. 32] is ADOPTED AS MODIFIED;

2. Defendants' Motion to Dismiss Plaintiff's Complaint [ECF No. 19] is GRANTED as follows:

   a. Count 1, to the extent that it asserts a claim against MSOP and the Minnesota Department of Human Services, individual-capacity claims against Defendants Kulas, Joslin, Leivian, Vaineo, and the 1E clinical team for injunctive relief, and official-capacity claims against Defendants Kulas, Joslin, Leivian, Vaineo, and the 1E clinical team, be **DISMISSED WITH PREJUDICE;**

   b. Count 1, to the extent that it asserts individual-capacity claims against Defendants Kulas, Joslin, Leivian, Vaineo, and the 1E clinical team for monetary relief, be **DISMISSED WITHOUT PREJUDICE;**

   c. Count 2, to the extent that it asserts a claim against MSOP and the Minnesota Department of Human Services, individual-capacity claims against Defendants Kulas, Joslin, Leivian, Vaineo, and the 1E clinical team, official capacity claims against Defendants Kulas, Joslin, Leivian, Vaineo, and the 1E clinical team for monetary relief, and any claim for violation of the Minnesota Constitution, be **DISMISSED WITH PREJUDICE;**

   d. Count 2, to the extent that it alleges official-capacity claims against Defendants Kulas, Joslin, Leivian, Vaineo, and the 1E clinical team for injunctive relief for a violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution, be **DISMISSED WITH PREJUDICE;** and

   e. Count 3 be **DISMISSED WITH PREJUDICE.**

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 29, 2019                                BY THE COURT:

                                                     s/Nancy E. Brasel
                                                     Nancy E. Brasel
                                                     United States District Judge